IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY 22  A 11: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GLORIA DUNIPHIN, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.: |
| BENNY WHITEHEAD, INC. and PEOPLEASE CORPORATION. | ) 2:06cv459-SRW |
| Defendants. | ) |

DEMAND FOR JURY TRIAL

**COMPLAINT**

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e et seq., 29 U.S.C. § 621, et. seq. and 29 U.S.C. § 2601, et. seq. These statutes provide for injunctive and other relief as a remedy for gender discrimination, age discrimination, and violation of the Act of Congress known as the "Family Medical Leave Act of 1993".

**II. PARTIES**

2. The plaintiff, Gloria Duniphin, is a resident citizen of the United States and a resident of Barbour County, Alabama. Plaintiff was jointly employed by the defendants at all relevant times as a truck driver.

3. Defendant Benny Whitehead, Inc. is an Alabama Corporation, located in Eufaula, Alabama and operating in interstate commerce as a trucking company hauling freight. The defendant employs at least fifty (50) employees.

4.	Defendant PeopLease Corporation is a professional employer organization (PEO) that functions as an employer and leases employees to businesses. PeopLease Corporation is a South Carolina Corporation that is not qualified to do business in the state of Alabama. PeopLease's primary offices are located in Mount Pleasant, South Carolina. PeopLease primarily handles the employment related responsibilities for other joint employers including payroll, workman's compensation insurance, employment related benefits, and compliance with all employment related laws and statutes.

### III. CAUSES OF ACTION

### GENDER DISCRIMINATION

5.	The plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force and effect as if fully set out in specific detail herein below.

6.	The Plaintiff Gloria Duniphin was initially hired as a truck driver trainee in December 2003. She was hired by Benny Whitehead, Inc. In Eufaula, Alabama. Because she was a new graduate of truck driving school, she was assigned to a trainer, Michael Duniphin. Mr. Duniphin and Gloria were assigned to work together as team truck drivers. Gloria and Michael performed long haul truck driving as a team. They subsequently were married. After their marriage they were involved in a workplace accident, a truck wreck in El Paso, Texas on September 29, 2004.

7.	Gloria Duniphin sustained an injury in the wreck which required surgery. She did not return to work as a truck driver until February 2005. Her husband ,Michael Duniphin, worked as a solo driver on both long haul runs and short haul trips for Benny Whitehead, Inc. Michael Duniphin was fired from Benny Whitehead, Inc. in January 2005.

8. Gloria Duniphin was released to return to work in February 2005. She worked 2 trips as a team driver. The plaintiff began experiencing congestive heart failure, a serious medical condition. She was placed on Family Medical Leave, which was approved by her physician and both of her employers. Duniphin was released to return to full duty work as a truck driver without restrictions on June 12, 2005.

9. Duniphin took her release paperwork to the Benny Whitehead, Inc. workplace in Eufaula where she provided it to Stacy, her dispatcher. Since June 16, 2005, Gloria Duniphin has been ready, willing and able to work as a truck driver for Benny Whitehead, Inc. Benny Whitehead, Inc. has never contacted Duniphin and advised her to report to work or that it had work available to her. In December, 2005, Whitehead notified Duniphin by letter that she could not work for them until she found a team driver to work with her.

10. Benny Whitehead, Inc. found team drivers to work with Gloria Duniphin in 2003 and in February 2005. Benny Whitehead, Inc. has over one hundred (100) employees. Benny Whitehead, Inc. routinely hires truck drivers who are not part of a team, and provides them team drivers to work with.

11. The Defendant has not made work available to the Plaintiff for over eleven (11) months. This amounts to a constructive discharge.

12. The Plaintiff alleges that the Defendant's articulated reasons for not making work available to Duniphin, that she does not have a team driver, is pretextual and that her gender was a motivating factor in the Defendant's decision to constructively discharge her. Plaintiff alleges that she has been ready, willing and able to work since June 16, 2005. Plaintiff also alleges that Benny Whitehead, Inc. has hired and found team drivers for numerous employees, male and female, since June 16, 2005.

13. Plaintiff alleges that she contacted Defendant PeopLease Corporation by phone. Duniphin was advised by PeopLease that her employment had been terminated because she had "abandoned her job."

14. Benny Whitehead, Inc. has returned Duniphin's hold back money (money held back by the employer in the event the employee owes the employer at the time of a severance of the employment relationship). This act is done when the employment relationship has ended, thus signifying a termination.

15. The Defendants are the joint employers of the Plaintiff. The Defendants have discriminated against the Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. As a proximate result of the aforementioned conduct of the Defendants, Plaintiff, Gloria Duniphin, has suffered embarrassment, humiliation, mental distress, emotional pain and anxiety or anguish.

16. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein. This suit for back pay (plus interest) reinstatement or front pay in lieu thereof, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continuing to suffer irreparable injuries from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this court. The Defendant engaged in discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling the Plaintiff to punitive damages.

## IV. AGE DISCRIMINATION

17. Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-16 as fully set forth herein.

18. On June 16, 2005, the Plaintiff was released to work. The Defendants have not made work available to the Plaintiff since June 16, 2005. The Plaintiff was over forty (40) years of age at all times which the Defendant has not made work available to her. The Plaintiff alleges that the articulated reason given by the Defendants for not making work available to her, that they could not provide a team driver for her, is pretextual. Plaintiff further alleges that her age was a motivating factor in the Defendant's decision to constructively discharge her. Plaintiff claims that substantially younger employees have been found team driver partners.

19. Defendant discriminated against Plaintiff on the basis of her age in violation of 29 U.S.C. § 621 et seq. Said statute provides that employers are prohibited from discriminating against employees on the basis of age with respect to the decisions involving termination and other terms and conditions of employment.

20. The Plaintiff alleges that the Defendants willfully discriminated against the Plaintiff on the basis of her age, and the Plaintiff is entitled to an award of liquidated damages because the Defendant is guilty of a willful violation of the ADEA.

21. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and back pay, reinstatement or front pay in lieu thereof, injunctive and declaratory judgment is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injuries from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. FMLA

22.  Plaintiff adopts and incorporates by reference each and every material allegation contained in paragraphs 1-21 with the same force and effect as fully set forth herein below.

23.  The Plaintiff began her approved FMLA leave beginning in February of 2005. She returned from approved FMLA leave on June 16, 2005. The Plaintiff performed her job duties and responsibilities in a satisfactory manner.

24.  The Defendant discriminated on the basis of Plaintiff's family medical leave absence and/or termination with respect to her salary, benefits, constructive discharge and other terms and conditions and privileges of employment. Since being approved to return from leave, the Defendants have not made work available to the Plaintiff as an over the road truck driver. The Defendants have not allowed the Plaintiff to return to work as a solo truck driver and have not found her a partner to work as a team truck driver.

25.  The Plaintiff Duniphin alleges that her constructive discharge was a violation of her rights as secured by the FMLA, and/or in retaliation for her making complaints of the violations of the company's failure to follow FMLA procedures.

26.  The above-described actions on the part of the defendant constitute violations of the Family Medical Leave Act, including retaliation for opposing and complaining about the discriminatory treatment to which the plaintiff and others seeking FMLA leave were subjected. Because of the defendant's willful and/or reckless harassment against the plaintiff by way of termination and retaliation, the plaintiff has suffered lost wages, salary, and employment benefits, together with interest thereon.

27. The plaintiff seeks to redress the wrongs alleged herein, and this suit for lost wages, salary, employment benefits (plus interest) and liquidated damages is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

28. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein. An action for injunctive, declaratory, and other relief is her only means of securing adequate relief.

29. The defendant did not act in good faith and had a reasonable belief that its actions were in violation of the Family Medical Leave Act. Therefore, the Plaintiff is entitled to liquidated damages.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully requests that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of plaintiff as secured by the Title VII, ADEA, and "Family Medical Leave Act of 1993", 29 U.S.C. § 2601 et seq. as amended.

B. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request to stop all further violations of Title VII, ADEA, and the FMLA.

C. Enter an Order requiring the defendant to make the plaintiff whole by

awarding her the position she would have occupied in the absence of her discriminatory and retaliatory discharge, including back-pay, compensatory damages, punitive damages, liquidated damages, injunctive relief, and lost seniority and benefits.

D.   The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ Jerry D. Roberson
Jerry D. Roberson (ROB010)
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223
(205) 871-1115

OF COUNSEL:

Albert H. Adams, Jr., Esquire
RUSSELL IRBY LAW FIRM
257 West Broad Street
Eufaula, AL  36027-0910
(334) 687-6672

**Please serve Defendant by Certified Mail at:**

Benny Whitehead, Inc.
3265 South Eufaula Ave.
Eufaula, AL 36027-3542

PeopLease Corporation
Charles R. Schellenger
300 West Coleman Blvd.
Mount Pleasant, South Carolina 29464-0000