**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **GLORIA DUNIPHIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:  2:06cv459-SRW** |
| | ) | |
| **BENNY WHITEHEAD, INC. and** | ) | |
| **PEOPLEASE CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT BENNY WHITEHEAD, INC. AND PEOPLEASE
CORPORATION TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Benny Whitehead, Inc. and PeopLease Corporation, (hereinafter "Defendants"), by their undersigned counsel, and file this Answer to the Complaint, as set forth below:

**I. JURISDICTION**

1.      The allegations contained in paragraph 1 of Plaintiff's Complaint require no response from Defendants.  Out of an abundance of caution these allegations are denied.  Defendants further deny that Plaintiff is entitled to the relief sought in paragraph 1 of Plaintiff's Complaint.

**II. PARTIES**

2.      Upon information and belief, Defendants admit Plaintiff is a resident citizen of the United States and a resident of Barbour County, Alabama.  Defendants deny the remaining statements contained in paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

3.      Defendant Benny Whitehead, Inc. admits it is incorporated in the State of

Alabama and denies the remaining statements contained in paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4.    Defendant PeopLease Corporation admits that it is a South Carolina Corporation, with its primary office located in Mount Pleasant, South Carolina, and denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

## III.  CAUSES OF ACTION

## GENDER DISCRIMINATION

5.    Defendants adopt and reallege their responses to each and every statement of paragraphs one through four of Plaintiff's Complaint as though set forth again in full.

6.    Defendants admit Plaintiff was hired on December 1, 2003, as a team driver leased to Benny Whitehead, Inc. by PeopLease, and admit Plaintiff partnered with Mike Duniphin to train and they subsequently married.  Further, Defendants admit Plaintiff was involved in an accident in Texas on or about September 30, 2004.  The remaining allegations contained in paragraph 6 of Plaintiff's Complaint are denied and Defendants demand strict proof thereof.

7.    Defendants admit Plaintiff sustained an on the job injury and that her husband Michael Duniphin was terminated for failing a random drug test and deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8.    Defendants admit that Plaintiff was released to return to work on or about January 17, 2005, and that her request to be give family medical leave for congestive

heart failure was granted and deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9.     Defendants admit that Plaintiff provided a doctor's release that permitted her to return to work on or about June 16, 2005.  Plaintiff is aware that work is currently available for her if she had an qualified driver partner.  Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.     Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11.     Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14.     Defendants admit that $500.00 was returned to her at her request but deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

## IV.  <u>AGE DISCRIMINATION</u>

3

17.    Defendants adopt and reallege their responses to each and every statement of paragraphs one through sixteen of Plaintiff's Complaint as though set forth again in full.

18.    Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19.    Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20.    Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.    Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

## V.  FMLA

22.    Defendants adopt and reallege their responses to each and every statement of paragraphs one through twenty-one of Plaintiff's Complaint as though set forth again in full.

23.    Defendants admit that Plaintiff was granted the maximum period of 12 weeks leaved provided under FMLA.   During this time her job was fully protected. When Plaintiff presented a return to work full duty certificate she was unable to provide herself with a driver partner and she was not qualified to drive solo.  Benny Whitehead, Inc. attempted, simply as an accommodation to Plaintiff, to locate her a driving partner to meet her criteria but was unsuccessful.  She was called when a partner was found and a load was assigned but she refused the load due to having plans to attend a birthday party in Texas.   The remaining allegations contained in paragraph 23 of

4

Plaintiff's Complaint are denied and Defendants demand strict proof thereof.

24.    Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25.    Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26.    Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27.    Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28.    Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29.    Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief requested in her prayer for relief and its sub-parts.

## **AFFIRMATIVE DEFENSES**

1.    The complaint of Plaintiff fails to state facts sufficient to constitute a cause of action against Defendants.

2.    The complaint of Plaintiff fails to state a claim or otherwise plead a cause of action under any of the laws asserted.

3.      The Plaintiff cannot sue under Title VII or ADEA for events not set forth in the EEOC complaint.

4.      The Plaintiff cannot sue under Title VII or the ADEA for events occurring more than 180 days prior to the date of the filing of the charge of discrimination with the EEOC.

5.      The Defendant has not unlawfully discriminated against the Plaintiff.

6.      Plaintiff is not entitled to recover backpay, damages for emotional distress or other damages and so far have failed to mitigate her damages.

7.      Plaintiff's claims are barred by any applicable statute of limitations.

8.      Plaintiff's claims may be barred by the applicable statute of limitations and the failure to timely proceed with administrative prerequisites to this action or to comply with statutory requirements.

9.      Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to act reasonably and be able to mitigate any damages.

10.     Defendants deny they are guilty of any conduct which entitles Plaintiff to recover punitive damages.

11.     Defendants' employment decisions with respect to Plaintiff were based on legitimate, nondiscriminatory reasons and were consistent with business necessity.

12.     Defendants assert the affirmative defense of estoppel.

13.     Plaintiff's claims in this action are not supported by a *prima facie* case.

14.     Defendants assert the affirmative defense of after acquired evidence.

15.    Plaintiff did not suffer from any adverse tangible employment action at the hand of Defendants.

16.    Defendants plead the general issue and deny they are guilty of any of the claims of Plaintiff.

17.    Defendants plead the appropriate cap under the Civil Rights Act of 1991 for the allegations of Plaintiff's complaint.

18.    No action by Defendants was the proximate cause of any violation of Plaintiff's protected rights or of any alleged damages to Plaintiff.

19.    Plaintiff failed to state a claim upon which compensatory damages may be awarded.  Plaintiff failed to mitigate her damages.

20.    Any compensation for Plaintiff received from another employer must be offset for any award of damages or backpay.

21.    Plaintiff failed to state a claim upon which punitive damages may be awarded, and Plaintiff failed to establish conduct or intent by the described actions or management sufficient to justify punitive damages against Defendants.

22.    Plaintiff's employment with Defendant was "at will" and, as such, her employment could be terminated for a good reason, a bad reason, or no reason.  *See Roy O. Bell v. South Central Bell*, 564 So. 2d 45 (Ala. 1990).

23.    To the extent that Plaintiff seeks punitive damages, she may not recover them because, on their face and/or as applied, an award of punitive damages would violate the Constitution of the United States, including, but not limited to, the Fourth,

Fifth, Sixth, Eighth and/or Fourteenth Amendments of the Constitution. The constitutional violations include, but are not limited to, the following separate and several deficiencies:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

(c) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award that could be levied against this Defendant, in violation of, inter alia, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g)    An award of punitive damages to the Plaintiff in this case would constitute a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

(h)    The award of punitive damages would constitute an arbitrary and capricious taking of Defendant's property that is not justified by any rational governmental purpose.

(i)    The imposition of punitive damages would not be pursuant to any reasonable guidelines, standards, or limits and would be without the protections available to those exposed to criminal punishment in criminal proceedings.

(j)    The imposition of punitive damages would constitute excessive punishment and would, therefore, be unlawful.

(k)    There are no clear and consistent standards for appellate review of any award of punitive damages.

(l)    The level of egregious of conduct required for the imposition of punitive damages is vague and ambiguous.

24.    Plaintiff cannot prove she engaged in any conduct "opposing any practice made unlawful" by 29 U.S.C. § 2601, *et seq.*

25.    Defendants plead the defense of lack of knowledge.

26.    Plaintiff's claims are barred because she failed to comply with Defendants' employee policies and procedures.

27.    To the extent that any portion of Plaintiff's claim is based upon an injury found to be compensable under the Alabama Workers' Compensation Act, the claim is barred by the exclusivity provisions of the Act.

28.    Defendants dealt with Plaintiff in good faith at all times.

29.    Some or all of Plaintiff's claims are or may be barred by application of the doctrines of laches, waiver, equitable estoppel and/or justification.

30.    This Defendant is not liable because it was not the cause in fact nor the proximate cause of Plaintiff's alleged injuries.

31.    Plaintiff's claims are barred or limited by the doctrines of in pari delicto and/or unclean hands.

32.    Defendants employment decision were made in good faith, and on the basis of legitimate business reasons; its actions with respect to Plaintiff conformed with all applicable state, federal and local laws, as well as Defendants' own policies and procedures.

33.    There is no causal connection between protected conduct displayed by the Plaintiff and any termination as Plaintiff was not terminated, and there is no evidence of animus by the Defendants against the Plaintiff for the exercise of any right protected by 29 U.S.C. § 2601, *et seq.*

34.    An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendants to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

35.     An award of punitive damages and/or emotional distress damages is not available under FMLA or ADEA.    Further, such an award is not proper in this case because Defendants' conduct with respect to Plaintiff was at all times in good faith and was not willful, intentional, reckless, or discriminatory.

36.     An award of punitive and/or liquidated damages in not proper in this case because that actions alleged by Plaintiff are contrary to Defendant's policies and its good faith efforts to comply with the laws.

37.     Defendant reserves the right to raise any additional affirmative defenses that are learned through the course of discovery.

## DEFENDANT DEMANDS A TRIAL BY A STRUCK JURY

*/s/ Courtney R. Potthoff*
Courtney R. Potthoff
Ala. Bar No.:  ASB-4565-057C

*/s/ Joel P. Smith, Jr.*
Joel P. Smith, Jr.
Ala. Bar No.:  ASB-0328-M46

Attorneys for Defendants Benny Whitehead, Inc. and PeopLease Corporation

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
        & SMITH, L.L.C.
Post Office Box 880

Eufaula, Alabama  36027
Telephone:   (334) 687-5834
Facsimile:     (334) 687-5722
cpotthoff@mindspring.com
joelpsmith@bellsouth.net

## CERTIFICATE OF SERVICE

I do hereby certify that on July 3, 2006, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing, and that the same has also been sent via regular mail, to the following counsel of record:

Albert H. Adams, Jr., Esq.
IRBY LAW FIRM, LLC
Post Office Box 910
Eufaula, Alabama  36072-0910

Jerry Roberson, Esq.
Suite 150
8 Office Park Circle
Birmingham, Alabama  35223

_/s/ Courtney R. Potthoff_
Of Counsel