IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA DUNIPHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:06cv459-MHT |
| ) | |
| BENNY WHITEHEAD, INC. and ) | |
| PEOPLEASE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF EDDIE WHITEHEAD

Before me, the undersigned authority for administering oaths, personally appeared Eddie Whitehead, who being by me first duly sworn, deposes and says as follows:

"1.     My name is Eddie Whitehead. I am an individual over the age of nineteen (19) years. I have personal knowledge of the facts contained herein. I am aware that this affidavit is being given in connection with a lawsuit styled *Gloria Duniphin v. Benny Whitehead, Inc. and PeopLease Corporation, et al.*, pending in the United States District Court for the Middle District of Alabama, Northern Division, Case No. 2:06-cv-459-MHT.

2.     I am employed at Benny Whitehead, Inc. as its Safety Director.

3.     Upon Ms. Duniphin's release to return to work from FMLA leave, I contacted Mr. D.A. Bryant about partnering with her again, and he said he did not want to be her permanent partner because she could not back up the truck and she did not want to drive in California because she was uncomfortable, which meant he had to do most of the work. Mr. Bryant did not want to split the compensation from Whitehead equally because he was



DEFENDANT'S EXHIBIT C

doing most of the work, and therefore had no desire to be her long-term partner driver. Therefore, he would not agree to partner with her after her return from leave.

    4.    I continued to try to identify a partner for Ms. Duniphin who would agree to drive with her and whom she would accept as a partner, but was unsuccessful. At all times pertinent, Ms. Duniphin was, and still is, welcome to find her own qualified partner and return to work, but she has not done so.

    5.    In September 2005, we found someone who could partner with Ms. Duniphin and had a load delivery planned for them. She was offered a new partner during a meeting with me and my father, Benny Whitehead, but she refused the load as a result of having made plans to attend a birthday party in Texas. After Plaintiff declined a load because of the birthday party in Texas, Whitehead believed she had abandoned her job.

    6.    Since her medical release in June 2005, Ms. Duniphin has not been able to work because she lacks a driver partner and two years' of verifiable over-the-road driving experience that in her case is necessary to drive without a partner. She is not qualified to drive as a pickup and delivery driver or otherwise solo, as she lacks two years' experience and the skills required to do the job, and she does not meet any of the exceptions to the two-year experience requirement imposed by Whitehead's insurance carrier. Work is currently available to Ms. Duniphin if she has a qualified driver partner with two years' verifiable over-the-road driving experience, and work has been available at all times pertinent hereto. Ms. Duniphin's preferences that she would only drive with white people who smoke limited her partner options. Whitehead has a number of African-American

drivers, and Ms. Duniphin refused to ride with anyone, male or female, who was not white and who did not smoke.

7. On December 5, 2005, Ms. Duniphin wrote me a letter requesting her hold-back money because she was having financial problems. Out of sympathy for Ms. Duniphin's financial plight, and not as an indication she had been terminated, I returned her hold-back money, along with a cover letter on December 9, 2005, explaining that she had not been fired but that we had been unable to find her a partner. The letter also explained that if, in the future, she was able to fulfill Whitehead's criteria of having a qualified driving partner, we have work available for her.

8. The average age of all female employees at Whitehead is 50 years of age and the average age of all female drivers is 54 years of age.

9. As part of its routine practice, PeopLease makes inquiries about inactive employees. Sometime prior to December, 2005, PeopLease inquired about Plaintiff's status and Whitehead informed PeopLease that she had refused a load in September, 2005 and had been unable to find a qualified partner and was inactive. In order to reflect her inactive status she was considered a voluntary quit. Nevertheless, a position remained available to her."

Further the affiant saith not.

_____
Eddie Whitehead
Date: January 30, 2007

STATE OF ALABAMA

BARBOUR COUNTY

Sworn to and subscribed before me on this the 30th day of January, 2007.

Mary Ann Roberts
Notary Public
My Commission Expires: 12/28/07