**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **GLORIA DUNIPHIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:  2:06cv459-MHT** |
| | ) |
| **BENNY WHITEHEAD, INC. and** | ) |
| **PEOPLEASE CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT PEOPLEASE CORPORATION'S BRIEF IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW the defendant PeopLease Corporation ("PeopLease" or "Defendant"), and submits this brief in support of its Motion for Summary Judgment on all claims asserted by plaintiff Gloria Duniphin.  Defendant respectfully requests that the court grant its motion for summary judgment in its entirety because Plaintiff has failed to produce any evidence that Defendant PeopLease made any discriminatory decision regarding Plaintiff's employment or that it discriminated against her on the basis of her gender or age, or retaliated against her for taking leave pursuant to the Family Medical Leave Act of 1993 ("FMLA"), or interfered with her FMLA rights.

**I.**

**STATEMENT OF THE CASE**

Plaintiff filed this present action on May 22, 2006, against PeopLease, a professional employer company in the business of leasing employees to various businesses, and Whitehead, a trucking company located in Eufaula, Alabama.  Plaintiff, a truck driver, claims she was

discriminated against after her completion of medical leave pursuant to the FMLA because Whitehead did not assign her any work after she provided a release from her doctor, which she claims amounts to a constructive discharge. (Complaint, ¶ 11).  Specifically, Plaintiff claims Defendants discriminated against her (a) on account of her gender in violation of the Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (Complaint, Sec. III); and (b) on account of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and willfully violated the ADEA (Complaint, Sec. IV).  In addition, Plaintiff claims Defendants violated her rights secured by the FMLA, and/or in retaliation for her "making complaints of the violations of the company's failure to follow FMLA procedures" and for "opposing and complaining about the discriminatory treatment to which plaintiff and others seeking FMLA leave were subjected." (Complaint, ¶ 25- 26).

Defendants filed an Answer in which they denied the material allegations in the complaint and asserted various affirmative defenses.  Defendants have expressly denied Plaintiff has been constructively discharged, that they discriminated against her in any way, and that they violated the FMLA in any way and these arguments are addressed in their Joint Motion for Summary Judgment.  In addition, Defendants have asserted in their Answer and at all times pertinent hereto that work is available for Plaintiff if she can find a qualified driver who will agree to partner and team drive with her.  Defendants have expressly alleged that their actions were motivated by "legitimate, non-discriminatory reasons" that were not pretextual and that were "consistent with business necessity."  (Answer, Affirmative Defenses, p.6, ¶ 11).  Finally, Defendants deny that Plaintiff is entitled to any of the relief requested in her complaint. (Answer, Prayer for Relief, p. 5).

Defendants filed a joint motion for summary judgment with this Court on January 30, 2007 and contemporaneously herewith PeopLease filed a separate motion based on the grounds that it did not exercise control over the aspects of the employment relationship that Plaintiff alleges gave rise to her claim.  Defendant submits this brief in support of its motion.

### STATEMENT OF THE UNDISPUTED MATERIAL FACTS

1.    Defendant Whitehead is a trucking company with an office and terminal in Eufaula, Alabama (Affidavit of Benny Paul Whitehead, ¶ 2).

2.    PeopLease Corporation is a professional employer organization engaged in the business of leasing its employees to various businesses.  (Affidavit of Deb Hiott, ¶ 3). Whitehead's employees are "leased" to them through a contractual agreement with PeopLease, a copy of which is attached as Exhibit 1 to the Affidavit of Deb Hiott.  (Hiott Aff., ¶ 3).

3.    PeopLease is a personnel leasing company based in South Carolina.  (Hiott Aff., ¶ 4).  PeopLease has clients throughout the United States.  (Id.)  Client employees are "leased" through a contractual service agreement with PeopLease and the client companies.  (Id.) Client companies exercise almost complete control over all aspects of their employees' terms and conditions of employment, including most decisions regarding hiring, job assignments, discipline and discharge.  (Id.)  On occasion, client companies consult with PeopLease for advice on discretionary issues and on occasion, PeopLease will exercise its right to fire an employee or refuse to hire an applicant.  (Id.)  Primarily, PeopLease provides payroll administration and benefits services to the client companies.  (Id.)

4.    PeopLease does not assign drivers to teams nor does it dispatch any loads to drivers.  (Hiott Aff., ¶ 7).  PeopLease did not make any decisions regarding Ms. Duniphin's job assignments or employment status.  (Hiott Aff., ¶ 8).

5.    PeopLease did not make any decisions regarding the return of Ms. Duniphin's

3

'hold-back money'.  (Hiott Aff., ¶ 9).

6.    Plaintiff admits there is no one from PeopLease at the Whitehead location.  (Duniphin Dep. p. 183, ln. 7-10).  She agrees that her loads were assigned by Whitehead, not PeopLease.  (Duniphin Dep. p 183, ln. 17-23).

## III.

## ARGUMENT

PeopLease Corporation is a professional employer organization engaged in the business of leasing its employees to various businesses.  (Facts, ¶ 2).  Whitehead's employees are "leased" to them through a contractual agreement with PeopLease, a copy of which is attached as Exhibit 1 to the Affidavit of Deb Hiott.  (Facts, ¶ 2).  PeopLease is a personnel leasing company based in South Carolina.  (Facts, ¶ 3).  PeopLease has clients throughout the United States.  (Id.) Client employees are "leased" through a contractual service agreement with PeopLease and the client companies.  (Id.) Client companies exercise almost complete control over all aspects of their employees' terms and conditions of employment, including most decisions regarding hiring, job assignments, discipline and discharge.  (Id.)  On occasion, client companies consult with PeopLease for advice on discretionary issues and on occasion, PeopLease will exercise its right to fire an employee or refuse to hire an applicant.  (Id.)  Primarily, PeopLease provides payroll administration and benefits services to the client companies.  (Id.)  PeopLease does not assign drivers to teams nor does it dispatch any loads to drivers.  (Facts, ¶ 4).  PeopLease did not make any decisions regarding Ms. Duniphin's job assignments or employment status.  (Facts, ¶ 4).  Plaintiff admits there is no one from PeopLease at the Whitehead location.  (Facts, ¶ 6).  She agrees that her loads were assigned by Whitehead not PeopLease.  (Facts, ¶ 4).

Courts have used numerous formations in assessing whether a defendant is an "employer" within the meaning of Title VII and other employment discrimination cases.  See

Lyes v. City of Riviera Beach, Florida, 166 F.3d 1332 (11th Cir. 1999). The different factors all share a common focus in that all of them seek to determine who (or which entity as in this case) is in control of the fundamental aspects of the employment relationship that gave rise to the claim. Id. at 1345; Trevino v. Celanese Corp., 701 F.2d 397 (5th Cir. 1983) (Critical question under centralized control of labor relations test is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?"). In this instance, it is clearly Whitehead that is ultimately in control of the fundamental aspects of the employment relationship that allegedly gave rise to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, if the Court is not inclined to grant Defendants' Joint Motion for Summary Judgment, the Court should grant PeopLease's separate motion for summary judgment on all plaintiff's claims asserted in this action and dismiss this action with prejudice and with costs taxed against the plaintiff.

/s/ Joel P. Smith, Jr._____
Joel P. Smith, Jr. (ASB-0328-M46J)

/s/ Courtney R. Potthoff_____
Courtney R. Potthoff (ASB-4565-057C)

Attorneys for Defendant PeopLease
Corporation

**OF COUNSEL:**
WILLIAMS, POTTHOFF, WILLIAMS, & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone:     (334) 687-5834
Facsimile:     (334) 687-5722

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon the following counsel of record in this cause via electronic mail on this 30th day of January, 2007.

Jerry D. Roberson, Esq.
Roberson & Roberson
Post Office Box 380487
3765 Kenross Drive
Birmingham, Alabama  35238-0487

Albert H. Adams, Jr.
Irby Law Firm, LLC
Post Office Box 910
Eufaula, Alabama  36072-0910

Jim S. Calton, Jr.
CALTON & CALTON
Post Office Box 895
Eufaula, Alabama  36072-0895

/s/  Joel P. Smith, Jr._____
OF COUNSEL