IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA DUNIPHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.:  2:06cv459-MHT |
| BENNY WHITEHEAD, INC. and | ) |
| PEOPLEASE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the defendants in the above-styled action, Benny Whitehead, Inc. ("Whitehead") and PeopLease Corporation ("PeopLease") (collectively, "Defendants"), and submit the following in response to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment.

**Plaintiff's FMLA Claims**

In this case, Plaintiff contends that she was denied the benefit of being returned to equivalent employment after her return from FMLA.  (See Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment p. 7, para. 2, lines 4-7).  Upon return to work after FMLA leave, employees are to be reinstated to the same position or an equivalent position contingent upon their continued ability to perform the essential functions of their job with or without reasonable accommodation.  At the time Plaintiff applied for leave, she was a team truck driver.  Due to her inexperience, she was required to partner with a trainer driver who had more than two years' verifiable over-the-road experience. (B.P. Whitehead Aff., ¶ 13).  The Plaintiff has been unable to return to work because she lacks a partner.  She was offered a partner after

her return from leave. Although Plaintiff disputes it, Whitehead offered her a partner during a meeting with Benny Whitehead and Eddie Whitehead in September 2005, but she refused the load as a result of having made plans to attend a birthday party in Texas. (E. Whitehead Aff., ¶ 5). Since that time, Plaintiff has made no effort to find a partner on her own. (Pl. Dep., p. 111, lines 4-5). It is undisputed that Whitehead had, and still has, a position available to her if an acceptable partner can be found. (E. Whitehead Aff., ¶ 4, B.P. Whitehead Aff. ¶ 20).

The fact is Plaintiff would not ride with just anyone. She placed restrictions on who she would agree to partner with, which made it difficult to find someone to place her with when she returned from FMLA leave. Since she was a smoker, she wanted to be paired with someone who did not mind smoking. (Pl. Dep., p. 38, ln. 10-12). In addition, she required the person be white because of the close quarters involved. (Pl. Dep., p. 182, ln. 4-7). Defendants offered her a partner, which she refused, and her restrictions have prevented them from finding her another one. Clearly, Defendants have not violated FMLA and the Plaintiff is not entitled to a summary judgment on her claim.

### Plaintiff's Gender Discrimination Claims

Plaintiff's gender discrimination claims are based upon the assertion that she was replaced by Randy Luker, a white male, and treated differently than Robert Kirkham, another white male. Prior to her FMLA leave, Plaintiff was temporarily teamed up and put back to work with D.A. Bryant, a 56-year-old white male. (B.P. Whitehead Aff. ¶ 18; Affidavit of D. A. Bryant, ¶ 8). Plaintiff made two or three team runs to and from the West Coast with Mr. Bryant. (B.P. Whitehead Aff., ¶ 18; Bryant Aff., ¶ 8; Pl. Dep., p. 57, ln. 14-16). Mr. Bryant found another team partner while she was on FMLA leave. (Bryant Aff., ¶ 10). He was not assigned a new partner by Whitehead, and Whitehead was unable to find a partner for him. (Id.). Instead,

he found a partner on his own named Randy Luker, who had previously been employed as a driver and wanted to return to work at Whitehead. (Id.). Mr. Luker contacted Mr. Bryant personally and they agreed to team drive together. (Id.). Whitehead did not replace her with a white male because the fact is her position is still available to her. Plaintiff does not dispute the fact that work is available for her at Whitehead if she comes to them with a qualified partner. (Pl. Dep., p. 116, ln. 1-5).

In addition, she could not back up the truck when she was riding with D.A. Bryant and she did not want to drive in California because she was uncomfortable. (Bryant Aff., ¶ 9; Affidavit of E. Whitehead, ¶ 3). Mr. Luker and Mr. Kirkham on the other hand were capable of backing up the truck and driving in California.

### Plaintiff's Age Discrimination claim

Plaintiff alleges Whitehead treated Dusty Haire, who is under the age of forty differently than the Plaintiff and that this proves a prima facie case of disparate treatment under the ADEA. In his deposition, Benny Paul Whithead identified four people as being teamed together where neither of the team members had more than two years driving experience, Greg Haire, Dusty Haire, Robert Kirkham and Nicole Edwards. (B.P. Whitehead depo. p. 59 lines 20-25, p. 60 lines 1-25; p. 62 lines 1-7). Three are males and one is a female. Dusty Haire is under the age of forty and Mr. Kirkham, Greg Haire, and Nicole Edwards are all over the age of forty (B. P. Whitehead depo., p. 59 lines 20-25, p. 60 lines 1-25, p. 62 lines 1-7 and Plaintiff's Exhibit 11 filed in support of her opposition to Defendants' Motion for Summary Judgment). All of these individuals had no accidents and no tickets prior to being partnered with other drivers with less than two years driving experience. (See deposition of B.P. Whitehead p. 60 line 3-4; p. 62 lines 4-7). On the other hand, Ms. Duniphin has been involved in two

3

accidents. (Duniphin depo. p. 47, lines 4-18 and p. 61 lines 5-23). She has problems backing up the truck and is not comfortable driving in California. (Bryant Aff., ¶ 9; Affidavit of E. Whitehead, ¶ 3). Under the circumstances, Whitehead's insurance carrier would not allow her to drive solo or with a partner with less than two years' experience. (B.P. Whitehead Aff., ¶ 7). Whitehead's decision to allow these other employees with no accidents and no tickets to drive with partners with less than two years experience does not establish pretext. Defendants have offered legitimate, non-discriminatory reasons for their actions, and there is no evidence that such reasons are pretext. Ms. Duniphin's inexperience and accident history prevented her from being allowed to partner with someone with less than two years experience. In addition, she has conditioned her return to work on certain factors, including race. Summary judgment is due to be granted as to all Plaintiff's Title VII and ADEA claims.

## CONCLUSION

For the foregoing reasons, the court should grant defendants' joint motion for summary judgment on all plaintiff's claims asserted in this action and dismiss this action with prejudice and with costs taxed against the plaintiff.

/s/ Joel P. Smith, Jr.
Joel P. Smith, Jr. (ASB-0328-M46J)

/s/ Courtney R. Potthoff
Courtney R. Potthoff (ASB-4565-057C)

Attorneys for Defendants,
PeopLease Corporation and Benny
Whitehead, Inc.

**OF COUNSEL:**
WILLIAMS, POTTHOFF, WILLIAMS, & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone:  (334) 687-5834
Facsimile:  (334) 687-5722


    /s/ Jim S. Calton, Jr.
    Jim S. Calton, Jr., Esq. (ASB-0968-L66J)
    Attorney for Benny Whitehead, Inc.

**OF COUNSEL:**
CALTON & CALTON
Post Office Box 895
Eufaula, Alabama  36072-0895
Telephone:  (334) 687-3563
Facsimile:  (334) 687-3564

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this date served a copy of the foregoing upon the following counsel of record in this cause via electronic mail on this 19th day of March, 2007.

Jerry D. Roberson, Esq.
Roberson & Roberson
Post Office Box 380487
3765 Kenross Drive
Birmingham, Alabama  35238-0487

Albert H. Adams, Jr.
Irby Law Firm, LLC
Post Office Box 910
Eufaula, Alabama  36072-0910

                           /s/  Joel P. Smith, Jr.
                           OF COUNSEL